UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

      vs.                                                                                     1:08-CR-0208
                                                                                                    (LEK)

STEVEN RAY MORGAN,

                                Defendant.
_____

### MEMORANDUM-DECISION and ORDER

       On March 25, 2008, Defendant Steven Ray Morgan was arrested after law enforcement executed search warrants at 708 Craig Street and 833 Grant Avenue in Schenectady, New York, and recovered marijuana, crack cocaine, a firearm, and other contraband.  Def.'s Mem. of Law at 2-3 (Dkt. No. 13, Attach. 2).  On April 28, 2008, Defendant was indicted on two counts of possession with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(B); one count of possession with intent to distribute more than fifty grams of cocaine base in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(A); one count of unlawful possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e); and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).  Indict. (Dkt. No. 6).  On August 1, 2008, Defendant filed the instant Motion to suppress any and all statements he made to law enforcement on March 25, 2008, and any and all evidence seized from 708 Craig Street and 833 Grant Avenue on March 25, 2008.  Def.'s Mem. of Law at 1 (Dkt. No. 13, Attach. 2).  The Government opposes the Motion to suppress.  Gov.'s Resp. (Dkt. No. 14).

## I. DISCUSSION

**A. Statements to Law Enforcement**

Defendant claims he was not administered the Miranda warnings prior to the extraction of oral and written statements by means of interrogation by law enforcement subsequent to his arrest on March 25, 2008. See Miranda v. Arizona, 384 U.S. 436 (1966); Def.'s Mem. of Law at 5 (Dkt. No. 13, Attach. 2). Furthermore, Defendant states that he told the officers that he did not wish to speak with them, and did not voluntarily and affirmatively waive his Miranda rights prior to making the alleged oral and written statements. Id. at 6-8. See United States v. Arboleda, 633 F.2d 985, 989 (2d Cir. 1980. The Government disputes these factual claims. See Gov.'s Resp. at 10 (Dkt. No. 14). Accordingly, a hearing is necessary to resolve these issues and determine if the oral and written statements were obtained in violation of Defendant's rights arising under the Fifth Amendment.

**B. Evidence Seized from 708 Craig Street and 833 Grant Avenue**

Defendant alleges that the evidence seized from 708 Craig Street and 833 Grant Avenue in Schenectady, New York, on March 25, 2008, must be suppressed based on several Fourth Amendment violations. See Def.'s Mem. of Law at 10 (Dkt. No. 13, Attach. 2). Specifically, Defendant argues that each search warrant failed to establish probable cause to search the location specified; failed to satisfy the Fourth Amendment's particularity requirement; and was not secured pursuant to Rule 41 of the Federal Rules of Criminal Procedure. Def.'s Mem. of Law at 10-14 (Dkt. No. 13, Attach. 2). Defendant also claims that the execution of the search warrant at 833 Grant Avenue exceeded its permissible scope. Id. at 13. Several of these arguments challenge the facial validity of the warrants and warrant applications, and may be evaluated without an evidentiary hearing. With regard to other issues, as described *infra*, the Court orders a suppression hearing.

**1. Fourth Amendment Objections to Search at 833 Grant Avenue**

The Government concedes that Defendant has a right to assert Fourth Amendment objections to the search and seizure of items at 708 Craig Street. See Gov.'s Resp. at 10 (Dkt. No. 14). The Government argues that Defendant lacks standing to contest the constitutionality of the issuance of the search warrant for 833 Grant Avenue and execution of the search at that address. Id. The search at 833 Grant Avenue resulted in the seizure of crack cocaine, a gun, and other items. Id. at 3.

"[T]o claim the protection of the Fourth Amendment, a defendant must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable." Minnesota. v. Carter, 525 U.S. 83, 88 (1998). A defendant need not reside at the premises searched to establish a right to constitutional protection. See, e.g., Unites States v. Osorio, 949 F.2d 38, 42 (2d Cir. 1991) (holding that an overnight guest may raise a Fourth Amendment objection to a warrantless search of the host's home). A defendant's presence for the sole purpose of a business transaction, such as selling drugs, does not give rise to a Fourth Amendment interest. Carter, 525 U.S. at 86, 89.

In his Motion and accompanying papers, Defendant has not demonstrated that he is entitled to Fourth Amendment protection in relation to the search and seizure of items at 833 Grant Avenue. This is a threshold issue that must be established before a court will reach the merits of a constitutional objection. See, e.g., United States v. Goldsmith, 432 F. Supp. 2d 161, 162-163 (D.Mass. 2006). The Court will entertain evidence, if any, offered by Defendant at the suppression hearing to establish standing to contest to the search of 833 Grant Avenue. If, however, Defendant does not establish a Fourth Amendment interest in the search at 833 Grant Avenue, then the Court

will not entertain the constitutional issues Defendant argues in relation to that address.

Furthermore, the Court will not take evidence on Defendant's two objections to the issuance of the search warrant for 833 Grant Avenue, because even if Defendant establishes standing, the Court is already in possession of the evidence that is needed to reach the merits of those issues. The Court touches on these objections below in discussing Defendant's Fourth Amendment objections to the search and seizure of items at 708 Craig Street, which raise substantially similar issues.

Defendant also argues that the execution of the search at 833 Grant Avenue exceeded the scope of the warrant. See Def.'s Mem. of Law at 13-14 (Dkt. No. 13, Attach. 2). No similar objection is made in relation to the search of 708 Craig Street. At the hearing, if Defendant demonstrates that he is entitled to Fourth Amendment protection for 833 Grant Avenue, or at least convinces the Court that further deliberation on the standing issue is necessary, then the Court will take evidence in relation to the execution of the search warrant at 833 Grant Avenue. A comparison of the face of the search warrant for 833 Grant Avenue to the descriptions about where the crack cocaine was seized does not entirely establish the proximity of the staircase to 833 Grant Avenue, first floor flat. See Warrant App. for 833 Grant Ave. (Dkt. No. 13, Attach. 5). Therefore, the parties should be prepared at the hearing to offer any evidence they wish the Court to consider in relation to the execution of the search.

**2. Probable Cause**

Defendant alleges that the search warrant applications for 708 Craig Street and 833 Grant Avenue, and affidavits annexed thereto, fail to establish probable cause. Def.'s Mem. of Law at 11-12 (Dkt. No. 13, Attach. 2). Defendant argues that the "application for search warrants for both places relies on the unsworn, unsigned, draft DEA-6 forms related to the investigation into Steven

4

Morgan," and that such forms, along with the sworn statement of the confidential informant (CI) that was submitted in support of each application, does not establish probable cause. Id. Each application was also accompanied by an affidavit sworn by Detective Daniel Moran of the Schenectady Police Department. Warrant App. for 708 Craig St. (Dkt. No. 13, Attach. 3); Warrant App. for 833 Grant Ave. (Dkt. No. 13, Attach. 5).

"Only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause." Illinois v. Gates, 462 U.S. 213, 235 (1983) (citation omitted). Moreover, "a magistrate's determination of probable cause should be paid great deference by reviewing courts." Id. at 236 (internal quotation marks and citation omitted). See also United States v. Singh, 390 F.3d 168, 181-183 (2d Cir. 2004); United States v. Rosa, 11 F.3d 315, 326 (2d Cir. 1993). After reviewing the application and supporting materials submitted to obtain the search warrant of 708 Craig Street, the Court finds that the magistrate's determination that probable cause existed cannot be invalidated. The Court anticipates the same conclusion would be reached with regard to the warrant issued for 833 Grant Avenue, if a decision on that issue becomes necessary.

Furthermore, the evidence seized in the search of 708 Craig Street would be admissible under the good faith exception to the exclusionary rule. Even if a court determines that a search warrant was lacking in probable cause,

> the court may admit seized evidence unless: (1) the issuing magistrate relied on an affidavit that the affiant knew was false or would have known was false had he or she not acted in "reckless disregard of the truth"; (2) the "magistrate wholly abandoned his judicial role"; (3) the "affidavit [is] so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"; or (4) the warrant is "so facially deficient ... that the executing officers cannot reasonably presume it to be valid."

Singh, 390 F.3d at 181 (quoting United States v. Leon, 468 U.S. 897, 923 (1984)). Defendant has

5

not made even a minimal showing that any of these circumstances exists; therefore, the Court will not entertain this issue at a suppression hearing.  See id. at 183.

### 3. Particularity of the Search Warrant

Defendant argues that the language of each search warrant fails to comply with the Fourth Amendment requirement that warrants "particularly describ[e] the place to be searched, and the persons or things to be seized."  U.S. Const. amend. IV; Groh v. Ramirez, 540 U.S. 551, 557 (2004).  In each instance, Defendant objects to the description of the place to be searched.  Def.'s Mem. of Law at 12-13 (Dkt. No. 13, Attach. 2).

The search warrant for 708 Craig Street authorizes the Schenectady Police Department to search the following location:

> 708 Craig St, (down stairs flat) [sic] in the City of Schenectady, N.Y.
> Including any other area of the building known as 708 Craig St (downstairs flat) Sch'dy, N.Y.  That [sic] is accessible from 708 Craig St (down stairs flat) Sch'dy, N.Y.  By [sic] use of stairs, trap doors, crawl spaces, etc., and any person therein or thereat, who the above items could be delivered to.

708 Craig St. Search Warrant (Dkt. No. 13, Attach. 3).  This language plainly meets the particularity requirement, especially since cocaine and crack cocaine were among the items being sought and it is axiomatic that such contraband is generally concealed in areas of an apartment, such as those described, to which there is limited access.  Id.  See also Maryland v. Garrison, 480 U.S. 79, 84 (1987) ("By limiting the authorization to search to the specific areas and things for which there is probable cause to search, the [particularity] requirement ensures that the search will be carefully tailored to its justifications. . . ."); United States v. Canestri, 518 F.2d 269, 273-274 (2d Cir. 1975).

**4. Rule 41**

Defendant alleges that the search warrants must comply with Rule 41 because "[t]he investigation was a federal investigation, the resources were federal resources and the agents were task force or DEA agents," and that each warrant failed to comply with Rule 41. Def.'s Mem. of Law at 10 (Dkt. No. 13, Attach. 2); Fed. R. Crim. P. 41. The Government responds that the search warrants were properly issued state search warrants, that Rule 41 does not apply, and that even under Rule 41, the warrants and applications are not deficient. Gov.'s Resp. at 8-9 (Dkt. No. 14).

Rule 41 clearly applies when a state warrant is issued at the request of a federal law enforcement officer, but in this case both warrants were issued on applications made by Detective Daniel Moran of the Schenectady Police Department. Warrant App. for 708 Craig St. (Dkt. No. 13, Attach. 3); Warrant App. for 833 Grant Ave. (Dkt. No. 13, Attach. 5); United States v. Henry, 150 Fed. Appx. 68, 71-72 (2d Cir. 2005) (citing United States v. Burke, 517 F.2d 377, 382 (2d Cir. 1975)). The fact that evidence seized pursuant to state warrants is now being used in a federal prosecution does not mean that compliance with Rule 41 was required in order for this evidence to be admissible. Henry, 150 Fed. Appx. at 71-72. Of course, this Court applies federal constitutional law to determine whether evidence must be suppressed, so to the extent that Rule 41 delineates federal constitutional standards, compliance is required. See, e.g., United States v. Brown, 52 F.3d 415, 420 (2d Cir. 1995). Otherwise, when a state warrant was sought by a state law enforcement official and a federal official was also involved in the search,

> violations of Rule 41 alone should not lead to exclusion unless (1) there was "prejudice" in the sense that the search might not have occurred or would not have been so abrasive if the Rule had been followed, or (2) there is evidence of intentional and deliberate disregard of a provision in the Rule.

7

Burke, 517 F.2d 377, 386-387 (2d Cir. 1975), *quoted in* United States v. Turner, 558 F.2d 46, 52 (2d Cir. 1977).

In this case, the Criminal Complaint demonstrates that federal law enforcement officials were involved in the search and preceding investigation. Crim. Compl. (Dkt. No. 1). Defendant alleges that Rule 41 was intentionally thwarted in order to obtain the search warrants. Def.'s Mem. of Law at 11 (Dkt. No. 13, Attach. 2). At this point, the criteria for excluding evidence based on violations of Rule 41 do not appear to be satisfied. Moreover, the Government may be able to establish that Rule 41 was not violated. However, the warrant applications do not rule out the possibility of Rule 41 violations or the possibility that any such violations require suppression under the Burke standard. Burke, 517 F.2d at 386-387. Accordingly, the Court will allow evidence to be introduced on these issues at the suppression hearing.

## II. CONCLUSION

Based on the foregoing discussion, it is hereby

**ORDERED**, that Defendant's Motion to suppress statements and evidence (Dkt. No. 13) is **DENIED** to the extent that it challenges probable cause and the particularity of the search warrant for 708 Craig Street; and it is further

**ORDERED,** that a **suppression hearing** will be held on **Tuesday, October 14, 2008 at 10:00 a.m.**, in Courtroom 1, James T. Foley U.S. Courthouse, 445 Broadway, Albany, New York, 12207, at which time the parties may present evidence in connection with the following issues, as described in more detail above: the circumstances of Defendant's oral and written statements to law enforcement; Defendant's standing to assert the Fourth Amendment in relation to the search at 833

Grant Avenue; the execution of the search at 833 Grant Avenue, if the Court finds that evidence introduced on the standing issue so warrants; and the implications of Federal Rule of Criminal Procedure 41; and it is further

>**ORDERED**, that the Clerk serve a copy of this Order on the parties.

>**IT IS SO ORDERED**.

DATED:      September 15, 2008
            Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge